# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

CHARITY L. PHILLIPS

PLAINTIFF,

v.

HILLSBOROUGH COUNTY,

ARMATURE PARK APARTMENTS,

DEFENDANTS.

Case No.: 8:22 cv 1473 CEH-JSS
42 U.S.C. § 1983

This is an action under 42 U.S.C. § 1983, for deprivation of rights, privileges, and immunities secured by the Constitution and laws of the United States. State law causes of action for Assault and Battery are also brought pursuant to the supplemental jurisdiction of this Court.

## JURISDICTION AND VENUE

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1367. This action is authorized and instituted pursuant to 42 U.S.C. § 1983. The unlawful acts alleged were committed within the jurisdiction of the District Court.

## STATEMENT OF FACTS

1. Plaintiff is an African-American female.
2. Plaintiff moved into Defendant's, ARMATURE PARK APARTMENTS, complex on June 21, 2021.
3. Since moving in, there has been continuous unauthorized entry into Plaintiff's apartment and attempts to recruit her into prostitution and trafficking.
4. On the date Plaintiff was originally scheduled to move in, June 11, 2021, there were no appliances in the apartment and a number of issues was wrong with the unit.
5. Two weeks after moving in, Plaintiff received a notice of a "routine inspection," set to take place on July 6, 2021.
6. On that date, Defendant's manager, Eileen Rivera (Rivera), arrived at Plaintiff's apartment with two other male individuals.
7. She briefly knocked and began accessing Plaintiff's apartment without waiting for a response.
8. Plaintiff advised Rivera that this was unacceptable and reminded her of the problems wrong with the unit at the time of move-in.

1

9. Rivera then looked at one of the males that was with her and nodded her head.
10. This male then began taking pictures of Plaintiff's bedroom.
11. Two weeks after this, Plaintiff received another notice of a routine inspection set to take place on July 26, 2021.
12. Plaintiff emailed Defendant, ARMATURE PARK APARTMENTS, informing it that what occurred during the first inspection was a violation of her privacy and that it did not have permission to access her apartment.
13. On July, 26, 2021, a different manager arrived, Pamela Gibson (Gibson), along with two other male individuals.
14. Plaintiff asked what the inspection was for and Gibson stated that she could not tell Plaintiff that.
15. Plaintiff reminded her of the writing she sent to Defendant, denying it permission to access her apartment, and they left.
16. Up until that point, there was break-ins, power cords, and undergarments stolen from Plaintiff's apartment.
17. Two weeks after that, Plaintiff received a text message of another routine inspection set to take place on August $5^{a}$ and $6^{a}$.
18. The text stated: "our representatives will knock at your door first, if no answer is received, our staff will access the unit. Be prepared."
19. Plaintiff immediately emailed Defendant, again reminding it that it did not have permission or consent to access her apartment.
20. Defendant, Rivera, replied stating she had "no knowledge" of this text being sent from Armature Park Apartments.
21. Plaintiff then contacted 911 to report the harassment, threats of battery, and property stolen from her apartment.
22. Deputy Wooden from one of Defendant's, HILLSBOROUGH COUNTY, law enforcement agencies, Hillsborough County Sheriff's Office (HCSO), responded.
23. Defendant, Deputy Wooden, confirmed that the text did not come from Defendant, ARMATURE PARK APARTMENTS, but stated that he would not investigate or take a report.
24. He further stated that there was a clause in Plaintiff's lease that permitted Defendant, ARMATURE PARK APARTMENTS, to access her apartment.
25. Since that time, "Rent King" flyers have been placed on Plaintiff's door and sexual assaults and other acts of violence have been carried out against Plaintiff while sleeping.
26. The continuous unauthorized entry and acts of violence committed against Plaintiff were part of the effort to recruit her into prostitution and trafficking.
27. Defendant's, ARMATURE PARK APARTMENTS, representative, Marc Rosenwasser, acknowledged and admitted to the assault and battery and stated that Plaintiff's consent or permission was not required.
28. Each time Plaintiff has called to report a sexual battery, act of violence, or harassment, either no report was taken, or no investigation resulted.
29. This pattern of discouraging reports of sexual assault and harassment against African-Americans is a long-standing and still-prevailing practice of Defendant, HILLSBOROUGH COUNTY.
30. Plaintiff filed complaints with Defendant's, HCSO, internal affairs department and Sheriff.

31. Instead of investigating, Defendant's, HILLSBOROUGH COUNTY, officials and deputies participated in the harassment and further subjected Plaintiff to violence and harassment because of her race and sex.

## CLAIM I:
## ASSAULT AND BATTERY

32. Plaintiff incorporates by reference and makes a part of this claim, paragraphs 1 through 31.
33. Defendant, ARMATURE PARK APARTMENTS, made threats of sexual battery and took actions to place Plaintiff in a state of constant apprehension.
34. Plaintiff reasonably feared for her safety and took measures to avoid the violence carried out against her.
35. Despite these measures, acts of violence were carried out against Plaintiff while sleeping.
36. Defendant acknowledged and admitted to the assault and battery.
37. Defendant, HILLSBOROUGH COUNTY, was aware of the threats and violence carried out against Plaintiff.
38. Defendant failed to perform acts legally required by law by refusing to receive, investigate, or act on reports of sexual assault and violence.
39. As a result of Defendants' actions and inaction, Plaintiff has suffered mental anguish and irreparable harm and injury.

## CLAIM II:
## CIVIL ACTION FOR DEPRIVATION OF RIGHTS; 42 U.S.C § 1983

40. Plaintiff incorporates by reference and makes a part of this claim, paragraphs 1 through 39.
41. Defendant, HILLSBOROUGH COUNTY, while acting under color of state law, deprived Plaintiff of her Fourteenth Amendment right to equal protection of the laws and non-discrimination on the basis of race and sex.
42. The deprivation of Plaintiff's Constitutional rights resulted from the established custom of failing to receive, investigate, and act on reports of sexual assault and reports of violence and harassment against African-Americans and women.
43. As a result of Defendant's discriminatory customs and practices, Plaintiff has suffered emotional distress, humiliation, and mental anguish.
44. Defendant's failure to provide continuing supervision and to remedy a known pattern of police misconduct was the moving force behind deprivation of Plaintiff's Constitutional rights.
45. Defendants' actions were engaged in willfully, wantonly, and recklessly because of Plaintiff's race and sex.
46. As a result, Plaintiff has suffered deprivation of rights secured by the Constitution and laws of the United States.

3

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court finds in favor of the Plaintiff, a judgment be entered against the Defendants for nominal, compensatory, and punitive damages, and grants such other and further relief as this Court deems just, equitable, and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims.

Dated this 27th day of June, 2022

*[signature]*

Charity L. Phillips
7702 Rivergate Drive,
Tampa, Fl 33619
813.644.0864