UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARITY L. PHILLIPS,

    Plaintiff,

v.                                              Case No: 8:22-cv-1473-CEH-JSS

HILLSBOROUGH COUNTY and
ARMATURE PARK APARTMENTS,

    Defendants.

## ORDER

This cause comes before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Julie S. Sneed (Doc. 6). In the R&R, Magistrate Judge Sneed recommends that the Court deny Plaintiff Charity Phillips' Motion to Proceed *in Forma Pauperis* (Doc. 2) and dismiss her Complaint without prejudice (Doc. 1). The magistrate judge found that the Complaint was an impermissible shotgun pleading and that it failed to state a claim for § 1983 municipal liability or an equal protection violation against Hillsborough County. Doc. 6 at 3, 5-6. The court concluded that, although Phillips appeared to be eligible to proceed *in forma pauperis*, her allegations did not support a plausible showing of entitlement to relief. *Id.* at 2, 6.

Phillips, who is proceeding *pro se*, timely objected to the R&R in accordance with 28 U.S.C. § 636(b)(1). Docs. 8, 12. Upon consideration of the R&R, Phillips' objections, and the Court's independent examination of the file, the Court will

overrule Phillips' objections, adopt the R&R, and dismiss Phillips' Complaint without prejudice and with leave to amend.

## I.     BACKGROUND

On June 28, 2022, Plaintiff Charity Phillips filed a Complaint against Hillsborough County and Armature Park Apartments for assault and battery and a violation of 42 U.S.C. § 1983. Doc. 1.  Her Complaint alleges that since she began residing in Armature Park Apartments in June 2021, she experienced repeated privacy violations, thefts, and harassment due to unauthorized entries into her apartment. *Id.* ¶¶ 2-20.  These actions eventually escalated to sexual assaults and other acts of violence committed while she was sleeping. *Id.* ¶¶ 25, 26.  Phillips alleges that she repeatedly reported the offenses to the Hillsborough County Sheriff's Office, but they failed to take reports or investigate. *Id.* ¶¶ 22-24, 28.  Instead, county officials participated in the harassment and further subjected Phillips to violence and harassment because of her race and sex. *Id.* ¶ 31.  Phillips alleges that Hillsborough County has a pattern and practice of discouraging reports of sexual assault and harassment against African-Americans. *Id.* ¶ 29.

Phillips moved to proceed *in forma pauperis*. Doc. 2.  In her motion, she affirmed that she has been unemployed since December 2021 and has no source of income. *Id.* at 1-2.  The motion was referred to the magistrate judge.

The magistrate judge issued an R&R on Phillips' motion on July 20, 2022. Doc. 6.  While finding that Phillips is likely financially eligible to proceed *in forma pauperis*,

2

the magistrate judge recommended that her Complaint be dismissed for failure to adhere to the pleading requirements of the Federal Rules of Civil Procedure. *Id.* at 2. The magistrate judge first concluded that the Complaint is a shotgun pleading, because it fails to specify against which defendant(s) each claim is brought and the second count incorporates all the allegations of the first. *Id.* at 3-4. Moreover, the court found that Phillips inadequately pleaded municipal liability under 42 U.S.C. § 1983 because she did not identify a constitutional right that was violated or explain how the municipality was responsible for her alleged injuries. *Id.* at 4-5. Finally, to the extent she intended to make an equal protection claim, she failed to allege disparate treatment compared to similarly situated individuals. *Id.* at 5-6.

Phillips filed a timely objection to the R&R. Doc. 8; *see* Doc. 12 (deeming Phillips' objection timely and vacating order at Dkt. 7 adopting R&R).

## II.   LEGAL STANDARD

"Within fourteen days after being served with a copy, any party may serve and file written objections" to a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C). When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see* Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-*

3

*Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Sch. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

Motions to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. Under section 1915(a)(1), an individual may commence an action without paying filing fees by submitting an affidavit detailing that they are unable to afford the fees. Section 1915(e)(1)(2) directs the court to dismiss the action if it determines that (A) the allegation of poverty is untrue, or (B) the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

### III.   DISCUSSION

Phillips first argues that the magistrate judge erred in recommending a dismissal of her Complaint because 28 U.S.C. § 1915 is only applicable to prisoners, which she is not, and the court's only consideration should have been her financial eligibility. Doc. 8 at 1. Although Phillips is correct that section 1915 refers to "prisoners," courts have held that its provisions apply to all persons requesting leave to proceed *in forma pauperis*, not only incarcerated individuals. *See, e.g.*, *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004); *Makere v. Early*, No. 21-11901, 2021 WL 6143553, *2 n.5 (11th Cir. Dec. 30, 2021); *Ain Jeem, Inc. v. Individuals Identified on Schedule "A"*, 8:21-cv-1331, 2022 WL 3718620, *1 n.2 (M.D. Fla. Aug. 3, 2022) (Porcelli, J.). The magistrate judge was therefore correct to review the merits of the action as section 1915(e)(1)(2)(B) directs.

Next, Phillips contends that the form of her Complaint does not violate the Federal Rules of Civil Procedure. Doc. 8 at 2-3. She argues that Rule 8(a) requires only a short and plain statement showing that she is entitled to relief, which she made, and Rule 10(c) expressly permits her to adopt the allegations of preceding counts. *Id.*

Contrary to Phillips' arguments, the Eleventh Circuit has long held that a complaint that constitutes a "shotgun pleading" must be dismissed without prejudice for violating "the spirit, if not the letter" of Rules 8(a)(2) and 10(b). *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citations omitted); *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (describing the Eleventh Circuit's "thirty-year salvo of criticism aimed at shotgun pleadings" with "no ceasefire in sight."). The most common type of shotgun pleading, "by a long shot," is a complaint containing multiple counts "where each count adopts the allegations of all preceding counts, causing…the last count to be a combination of the entire complaint." *Id.* Another type of shotgun pleading asserts multiple claims against multiple defendants without making clear which of the defendants are responsible for which acts or omissions. *Id.* at 1323.

The magistrate judge correctly determined that Phillips' Complaint constituted both of these types of shotgun pleading. Doc. 6 at 2-4. Although, as Phillips points out, Rule 10(c) permits adoption by reference in a pleading, *see* Doc. 8 at 3, it is settled law in the Eleventh Circuit that a subsequent count of a complaint cannot adopt all the allegations of a *prior count*. *See Weiland*, 792 F.3d at 1321. Count II of Phillips'

Complaint does just that. Doc. 1 ¶ 40. Dismissal without prejudice and with leave to amend is warranted on this basis alone.

The Court also agrees with the magistrate judge that the Complaint does not make sufficiently clear which defendant(s) Phillips alleges engaged in the actions relevant to her claims. In Count I, for example, Phillips alleges that "acts of violence were carried out against Plaintiff while sleeping," but does not directly state which of the two defendants she is alleging carried out those acts of violence. *Id.* ¶ 35. She specifically alleges only threats of sexual battery by Armature Park Apartments, and a failure to investigate on the part of Hillsborough County. *Id.* ¶¶ 33, 37. While Phillips' objection explains her intent in drafting the Complaint, a well-drafted Complaint does not require explanation to allow the Court and the defendants to understand the claims and theories for relief. *See Weiland*, 792 F.3d at 1320, citing *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting). Accordingly, the Court agrees with the magistrate judge that the Complaint must be redrafted to more fully comply with the Federal Rules of Civil Procedure.

The last ground of Phillips' objection relates to Count II, the violation of 42 U.S.C. § 1983. Phillips argues that she adequately stated a claim for municipal liability under section 1983 by alleging that her constitutional rights under the Fourteenth Amendment were violated by Hillsborough County's custom of failing to investigate or act on the reports of African-Americans and women, causing her injury. Doc. 8 at 5-6; Doc. 1 ¶¶ 41-46. However, Phillips' allegations regarding the custom or practice are conclusory and lack facts to support them besides Phillips' account of her own

6

experience. *See Smith v. U.S.*, 873 F.3d 1348, 1351 (11th Cir. 2017) ("Conclusory allegations and legal conclusions are not sufficient") (citations and quotations omitted); *Johnson v. Dyer*, , 6:18-cv-2011-RBD-DCI, 2019 WL 6340889, *3 (M.D. Fla. Nov. 27, 2019) (dismissing section 1983 claim where plaintiff alleged that a city policy or custom existed but "offer[ed] no facts to support a finding of a policy or practice, as required by § 1983" beyond conclusory allegations); *see also* Doc. 6 at 4-5 (collecting cases demonstrating that a single incident does not suffice to constitute a custom or practice). Without more, Phillips has not adequately alleged facts to support her claim of Hillsborough County's custom or practice of constitutional violations.

Phillips further argues that the same allegations sufficiently pleaded an equal protection violation. Doc. 8 at 7. Here, too, the Court finds that the magistrate judge was correct in ruling otherwise. "[T]o properly plead an equal protection claim, a plaintiff [must] allege that through state action, similarly situated persons have been treated disparately." *Thigpen v. Bibb Cnty., Ga., Sheriff's Dept.*, 223 F.3d 1231, 1237 (11th Cir. 2000) (abrogated on other grounds by *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)); *see also Boyd v. Peet*, 249 F. App'x 155, 158 (11th Cir. 2007) (upholding dismissal for failure to state a claim where complaint did not "allege any similarly situated person or group with whom we can compare [plaintiff] in determining whether he was treated disparately."). Phillips' claim that Hillsborough County engages in misconduct with respect to reports made by African-Americans and women does not allege the existence of a similarly-situated group whose reports were treated differently, as required to establish disparate treatment. The magistrate judge

7

did not err in finding that Count II failed to state a claim for an equal protection violation.

Accordingly, it is **ORDERED**:

1. Phillips' Objection to the Report and Recommendation (Doc. 8) is **OVERRULED**.

2. The Report and Recommendation entered by United States Magistrate Judge Julie S. Sneed on July 20, 2022 (Doc. 6) is **ADOPTED, CONFIRMED, AND APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

3. Phillips' Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2) is **DENIED without prejudice**.

4. Phillips' Complaint (Doc. 1) is **DISMISSED without prejudice**. The Court grants Phillips leave to file an Amended Complaint that complies with the Federal Rules of Civil Procedure within **TWENTY (20) DAYS** of the date of this Order. Failure to file an amended complaint within the time provided will result in the dismissal of this action, without prejudice, without further notice.

5. Phillips' Renewed Motion for Leave to Proceed *in Forma Pauperis* (Doc. 18) is **DENIED**, **without prejudice, as premature**.

6. Defendant Hillsborough County's Motion to Dismiss Plaintiff's Complaint (Doc. 19) is **DENIED as moot**.

   **DONE** and **ORDERED** in Tampa, Florida on October 6, 2022.

   Charlene Edwards Honeywell
   United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties